Cardozo, J.
The only case attempted to be made by the complaint in this action, upon which the resolution in question is sought to be invalidated, is that the same was procured to be passed by the common council, and to be approved by the then mayor, by means of “fraud, bribery and corruption.” There is no allegation except in reference to that point. The evidence, therefore, on the *333 trial, was confined to proof of that charge ; and having utterly failed, the learned counsel to the corporation very properly withdrew “all charges of fraud, "bribery and corruption” from the case.
The plaintiffs, therefore, upon the pleadings and the proofs, have no ground of complaint, and of course they are not entitled to any judgment in their favor.
The only questions really worthy of consideration are, whether the defendant Wood can recover rent in this action, and if so, down to what period.
The plaintiffs sought by their action to have the resolution of the common council annulled, and the making and delivery of the lease authorized and directed by that resolution, enjoined and prohibited.
I think it clear that the “transaction” constituting the foundation of the plaintiff’s claim, consists of the resolution and the proposed lease, and that therefore there can be no doubt but that the defendant may counter-claim for the rent.
I do not stop to consider whether there be any force in the point taken by the counsel for the city, that no recovery can be had until a formal lease has been executed and delivered, because, conceding that to be so, upon the proofs before me, it would be my duty to decree specific performance and execution of the lease, and to render judgment for the amount due. All of that is within the case made by the answer and the proofs ; and when that is so, the proper judgment is to be given, irrespective of what demand for relief the pleadings may contain (N. Y. Ice Company v. Northwestern Ins. Co., 23 N, Y., 357)..
The main point upon which the learned counsel for the corporation seemed to rely, was based upon the question he raised as "to the character of the tenancy of the city after the expiration of the lease directed to be renewed. He claimed that it was a mere holding over under the expired lease, and not an occupancy under the proposed new lease, or the resolution authorizing and directing its execution.
But this cannot be sustained.
*334 The defendant Wood had notified the city that occupancy of any part of the premises, after the expiration of the then current lease, would be deemed an acceptance of the premises for the term and at the rent mentioned in the resolution; and after that notice, if. the plaintiffs chose to occupy, they did so upon the terms prescribed by the owner of the fee, in that notice.
This point has been determined by the court of appeals (Despard v. Walbridge, 15 N. Y., 374).
The resolution of the common council, approved by the mayor, is a sufficient signing, within the statute of frauds (Carville, &c. v. The Mayor, &c., N. Y. Com. Pleas, Gen. T.)
Respecting the other points, I think no special remark is necessary. Either the proof disposes of them, or they are overruled by the cases mentioned by the corporation counsel himself. Indeed I may add, that the question of fraud being taken from the case, there is very little left of it, after the decision of Judge Leonard, upon the motion for a mandamus (2 Able. Pr. N. S, 315).
As to the amount which Mr. Wood is entitled to recover in this action, I think it only necessary to say that I have concluded that it must be limited to the rent due when the action was commenced. For that sum, with interest and costs, judgment will be rendered in his favor against the plaintiffs; and if the defendant’s attorney thinks proper to take it, the judgment may direct the execution and delivery, by the comptroller, of a lease pursuant to the resolution, in conformity with the views above expressed.
Judgment accordingly.